UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| v.   **CIVIL ACTION NO:** | 4:18CV-00158-JHM |
| **A 2017 FORD F150 KING RANCH CREW CAB PICKUP, BLUE IN COLOR, VIN 1FTEW1EF9HFC80307.** | **DEFENDANT** |

### VERIFIED COMPLAINT
### FOR FORFEITURE IN REM

The United States of America, by counsel, Russell M. Coleman, United States Attorney for the Western District of Kentucky, and Amy M. Sullivan, Assistant United States Attorney, brings this complaint and alleges as follows:

### NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: 2017 Ford F150 Ranch Crew Cab Pickup, Blue in color, in the name of Christina Simpson, VIN#: 1FTEW1EF9HFC80307.

### JURISDICTION AND VENUE

2. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property under 18 U.S.C. § 981(a)(1)(A) and (C). This Court has jurisdiction over forfeiture actions commenced by the United States pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1355(a).

3. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest

warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, because the acts or omissions giving rise to the forfeiture occurred in the Western District of Kentucky.

## THE DEFENDANT IN REM

5. The defendant is: 2017 Ford F150 Ranch Crew Cab Pickup, Blue in color, VIN#: 1FTEW1EF9HFC80307, which the Federal Bureau of Investigation (FBI) seized on or about May 02, 2018 from Jerry Simpson in Madisonville, Kentucky, which is in the Western District of Kentucky. The defendant property is currently in the custody of the United States Marshals Service.

## RELATED ADMINISTRATIVE PROCEEDINGS

6. The FBI initiated administrative forfeiture proceedings after the seizure, and on or about June 29, 2018, notice of the administrative forfeiture action was sent to the purported title holder Christina Simpson, her spouse Jerry Simpson, through counsel of record, Steve Arnett, and Thrivent Financial. Christina Simpson filed the only claim to the defendant property, which was received by FBI on or about July 06, 2018.

## THE LAW

7. Pursuant to 18 U.S.C. § 981(a)(1)(A) "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section . . . 1957 . . . or any property traceable to such property," is subject to forfeiture to the United States.

8. Pursuant to 18 U.S.C. § 981(a)(1)(C), "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting a

'specified unlawful activity' (as defined in section 1343 of this title), or a conspiracy to commit such offense" is subject to forfeiture to the United States.

9. Pursuant to 18 U.S.C. § 1957 (engaging in monetary transactions with proceeds derived from specified unlawful activity) is violated when a person 1) knowingly engaged or attempted to engage in a monetary transaction (involving financial institution); 2) with proceeds derived from specified unlawful activity; 3) the property had a value greater than $10,000; and 4) the defendant knew that the transaction involved criminally derived proceeds.

10. Pursuant to 18 U.S.C. § 1343, it is unlawful to devise or intend "to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice …".

11. Pursuant to 18 U.S.C. §§ 1956(c)(7) and 1961(1)(B), wire fraud in violation of 18 U.S.C. § 1343 constitutes a "specified unlawful activity."

## SUMMARY OF RELEVANT FACTS

12. The facts and circumstances supporting the seizure and forfeiture of the defendant property are set forth in the affidavit of FBI Special Agent David A. McClelland, which is attached hereto as Attachment A, and incorporated in its entirety herein by reference.

## CLAIM FOR RELIEF

13. The defendant property constitutes property traceable directly and indirectly to proceeds of mail and wire fraud in violation of 18 U.S.C. § 1343. The defendant property was involved in and traceable to violations of 18 U.S.C. § 1957. Consequently, the defendant property is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

WHEREFORE, the plaintiff respectfully requests:

1. that notice of this action be given to all persons known or thought to have an interest in or right against the property;

2. that the defendant property be forfeited and condemned to the United States of America;

3. that the plaintiff be awarded its costs and disbursements in this action; and

4. for such other and further relief as this court deems proper and just.

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney

/s Amy M. Sulivan
AMY M. SULLIVAN
Assistant U.S. Attorney
Western District of Kentucky
717 West Broadway
Louisville, KY 40202
(502) 582-5911
(502) 582-5097 (fax)
amy.sullivan@usdoj.gov

## VERIFICATION

I, David A. McClelland, am a Special Agent with the Federal Bureau of Investigation. I have read the foregoing Verified Complaint for Forfeiture *In Rem* (including any attachments thereto) and under penalty of perjury, hereby assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

*[signature]*
SA David A. McClelland

Subscribed and sworn to before me this 25th day of September __, 2018.

*[signature]*
Jennifer Janes
Notary Public

My Commission Expires 11/29/2018

5

## AFFIDAVIT IN SUPPORT OF
## COMPLAINT FOR FORFEITURE

I, David A. McClelland, being duly sworn, state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") assigned to the Louisville Division, Owensboro Resident Agency. I have been employed as a Special Agent with the FBI for over 24 years.

2. As part of my duties as an FBI agent, I investigate criminal violations relating to wire fraud and money laundering. I also have participated in the execution of multiple federal search warrants, involving fraud and money laundering offenses.

3. This affidavit is made in support of an application for a Complaint for Forfeiture against a Ford F-150 Pickup Truck (as fully described herein), which represents property involved in wire fraud and money laundering, in violation of 18 U.S.C. § 1343, wire fraud and 18 U.S.C. § 1957 money laundering. Consequently, the defendant property is forfeitable to the United States pursuant to 18 U.S.C. Sec. 981(a)(1)(A) and (C).

4. The statements in this affidavit are based on my personal knowledge, and on information I have received from other law enforcement personnel and from persons with knowledge regarding relevant facts. Because this affidavit is being submitted for the limited purpose of supporting a forfeiture complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that violations of Title 18, United States Code, Section 1343, and 1957, occurred and that the defendant property was involved in these violations and purchased with proceeds of these violations.

## PROBABLE CAUSE

5. From November 27, 2015 until December 1, 2017, 2017 Jerry Simpson was a Registered Representative for Thrivent Investment Management Inc (Thrivent). Simpson resided and still resides in Madisonville, Kentucky. As part of his employment, Simpson was responsible for selling and consulting with customers who had purchased or were considering purchasing insurance products from Thrivent. Based on a complaint made to Thrivent by one of Simpson's customers, Thrivent discovered that Simpson had mishandled accounts belonging to at least four customers.

6. One of these customers was CS. CS owns three different insurance annuity products with Thrivent. A review of CS's insurance policies shows that between November 2, 2016 and August 3, 2017, over $200,000 was withdrawn from her policies and wire transferred in thirteen different transactions into a checking account (account number omitted), at Independence Bank in Owensboro, Kentucky, in the name of Jerry Simpson. The transfers were made in part through an on-line service that allows the customer or the Thrivent Representative to make transactions directly in the customer's account.

7. A review of the Independence Bank account shows that approximately $100,000 in currency was withdrawn from this account during this time. In addition, numerous charges to Fan Duel, an online betting service, were made from the account as well as personal purchases such as hotel rooms and restaurant charges.

8. CS was interviewed and advised that she met Simpson sometime in 2016 when Simpson took over the position from a previous Thrivent employee. CS advised that Simpson met with her many times to discuss her upcoming retirement. Simpson would bring his computer with him when he visited to discuss her policies. However, she never gave him

permission to access her accounts through the self-service section of Thrivent. CS noticed transactions had been made on her accounts and she questioned Simpson. Simpson told CS that he was "moving money around" to make her more money. He told her, "If you make money, then I make money." CS noted that she does not have an account at Independence Bank.

9. Another customer victimized by Simpson was BP. BP was interviewed on February 14, 2018 and advised that he was the beneficiary of a Thrivent annuity owned by his niece, who passed away in April 2017. Simpson told BP that the annuity had a cash value of approximately $134,000. BP advised Simson that he wanted to keep the annuity with Thrivent.

10. Simpson subsequently contacted BP and falsely told BP that an attorney from his niece's estate had informed Simpson the policy had to be cashed and provided to his niece's estate. Simpson explained that there would be approximately $8,000 in surrender charges taken out of the $134,000 annuity balance. BP did not want to cash the policy, but believed he had no choice based on Simpson's claim that an attorney with the estate had requested the funds. Contact with a representative with the estate confirmed that no such requirement or request was made by the estate concerning the annuity.

11. On September 14, 2017 Simpson called Thrivent's customer service line in Wisconsin to request information regarding BP's account. The customer service representative explained the paperwork needed to request funds from BP's account.

12. On September 26, 2017 Simpson called Thrivent and falsely stated that BP wanted to cash in the policy. Simpson asked the customer service representative about which forms were needed for BP to request the funds.

13. On September 26, 2017 Simpson faxed a Withdrawal Request to Thrivent's office in Wisconsin with BP's forged signature and a copy of a blank "starter" check from Farmers Bank and Trust in Madisonville, KY. BP's name and address had been handwritten on the check to make it appear that the account belonged to BP. The Withdrawal Request included this account as the location where BP allegedly wanted the funds wire transferred. The funds, minus the surrender charges, amounted to $128,017, and was wire transferred from Thrivent to a Farmers Bank and Trust account (number omitted) on September 28, 2018. This account was opened by Simpson on September 14, 2017, in the Western District of Kentucky. Simpson is the only signor on the account.

14. On October 26, 2018 a cashiers check in the amount of $50,669.34 was issued from Simpson's above-described Farmers Bank account, payable to McClary Ford. The remitter on the check is Jerry Simpson. Records from McClary Ford show that this check was used by Simpson to purchase a 2017 Ford F-150 pickup truck, VIN 1FTEW1EF9HFC80307, from McClary Ford in Athens, Alabama.

15. The vehicle was originally registered in the State of Kentucky in the name of Jerry Simpson and Christina Simpson on 11/13/2017. On January 3, 2018 the registration was changed and placed solely in the name of Christina Simpson, the wife of Jerry Simpson. No liens were listed.

16. In addition to the victims described above, between March 2016 to October 2017, Simpson cashed in insurance policies of two other unknowing victims. Simpson obtained over $400,000 from all victims combined. Bank records show that much of this money was spent at casinos or online betting services, or withdrawn as currency. The wire

        transfers of victim funds were sent through interstate commerce from Thrivent's corporate accounts managed in Wisconsin, to Simpson's bank accounts in Kentucky.

17.    Simpson was contacted and questioned by Thrivent Insurance on December 1, 2017. During this interview Simpson falsely stated that he does no business with Farmers Bank and Trust and that he has no interest in the bank account into which BP's check was deposited. Thrivent suspended Simpson on December 1, 2017. Simpson resigned on December 5, 2017. On December 4, 2017, a new account at the Evansville Teachers Credit Union was opened in his wife's name only and funds from a joint account were transferred into this account. On January 3, 2018, Simpson changed the registration of his vehicles into only his wife's name in an apparent attempt to protect these items from seizure. The vehicles and the new bank accounts also list Simpson's residence on Buck Trace, Madisonville, Kentucky as the mailing address.

18.    Simpson was contacted by the affiant on May 2, 2018. Simpson acknowledged ownership of the F-150 Pickup truck noted above, and had driven the truck to work that day. Simpson declined to answer questions without an attorney present.

## CONCLUSION

Based on the above information, there is probable cause to believe that a scheme to defraud, and financial transactions in violation of Title 18, United States Code, Sections 1343, and 1957 have occurred, and that the defendant property represents property involved in money laundering and was purchased with proceeds traceable to wire fraud. Consequently, the

defendant property is forfeitable to the United States pursuant to 18 U.S.C. Section 981(a)(1)(A) and (C).

FURTHER AFFIANT SAYETH NOT.

_____
David A. McClelland
Special Agent
Federal Bureau of Investigation

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

UNITED STATES OF AMERICA

                                                                                                            PLAINTIFF

v.                               CASE ACTION NO:   4:18CV-00158-JHM
                                                                                          *Electronically filed*

A 2017 FORD F150 KING RANCH
CREW CAB PICKUP, BLUE IN
COLOR, VIN 1FTEW1EF9HFC80307.

**WARRANT OF ARREST *IN REM* AND NOTICE**

TO:    THE UNITED STATES AND THE UNITED STATES
         MARSHALS SERVICE AND/OR ANY OTHER DULY
         AUTHORIZED LAW ENFORCEMENT OFFICER:

      WHEREAS the United States Attorney for the Western District of Kentucky has filed a Verified Complaint for Forfeiture *In Rem* against the above-named defendant property on the __, day of October, 2018, alleging that the defendant property is subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A), 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 1343 and 18 U.S.C. § 1957.

      And, the Court being satisfied that, based on the Verified Complaint for Forfeiture *In Rem*, there is probable cause to believe that the defendant property so described therein constitutes property that is subject to forfeiture for such violations, and that grounds for issuance of a Warrant of Arrest *In Rem* exist, pursuant to Supplemental Rule G(3) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules");

      YOU ARE THEREFORE ORDERED to seize and arrest the defendant property, and to take the defendant property into your possession for safe custody, until further order of the Court; and to make your return as provided by law.

YOU ARE FURTHER ORDERED to send notice to the record owner and any other person believed to have a claim to or interest in the defendant property a copy of the Complaint, Notice of Forfeiture, and this Warrant in a manner consistent with the principles of service of process of any action *in rem* under the Supplemental Rules and the Federal Rules of Civil Procedure, within a reasonable time of seizure, and, to admonish any persons holding a claim to the defendant property to file their claims with the Clerk of this Court within thirty-five (35) days after execution of this process, and to serve their answers within twenty-one (21) days after filing their claims, and finally, that they must serve a copy of any claim and/or pleading upon the Assistant United States Attorney, Amy M. Sullivan, 717 West Broadway, Louisville, Kentucky 40202.

YOU ARE FURTHER ORDERED, in the event that the defendant property is not released within ten (10) days of execution of process, that you shall cause publication of public notice, as required by Rule G(4) of the Supplemental Rules.  Such notice shall be published for thirty days at www.forfeiture.gov.   This notice shall state that anyone claiming an interest in the defendant property must file: 1) a claim within sixty (60) days from the start of the publication on the internet at www.forfeiture.gov; and 2) an answer within twenty-one (21) days after filing a claim.

IT IS FURTHER ORDERED that, promptly after execution of this process, you shall file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

Tendered by:
Amy M.   Sullivan
Assistant United States Attorney
717 West Broadway
Louisville, KY 40202
(502)582-5911
(502)582-5097(fax)
amy.sullivan@usdoj.gov

cc:     United States Attorney (AMS) - two certified copies of order and
        two certified copies of the Verified Complaint

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

### DEFENDANTS
2017 FORD F150 KING RANCH CREW CAB PICKUP, BLUE IN COLOR, VIN 1FTEW1EF9HFC80307

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☒ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. 981, 18 U.S.C.1957, 18 USC 1343
Brief description of cause:
seizure of property related to wire fraud

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 10/01/2018
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____